IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Jordan, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> John Doe – Public Defender Lancaster ) <br> County, John Doe – Oconee County ) <br> Public Defender's Office, John Doe – ) <br> Lancaster County Solicitor Office, John ) <br> Doe – Oconee County Solicitor Office, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 0:21-cv-2834-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 21, 2021, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without giving Plaintiff leave to amend his complaint, and that the dismissal be without prejudice and without issuance of process and be designated a "strike" pursuant to 28 U.S.C. § 1915(g). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. On October 4, 2021, Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his Report, the Magistrate Judge first determined that Plaintiff's complaint may be barred by *Heck v. Humphrey*, 512, U.S. 477 (1994), because Plaintiff does not assert that he received a favorable termination with respect to his criminal proceedings in the Lancaster County Court of General Sessions and the Oconee County Court of General Sessions. Next, the Magistrate Judge explained that even if *Heck* does not bar this action, Plaintiff's complaint is subject to dismissal for the following reasons: (1) to the extent Plaintiff's identification of John Doe Defendants is construed as bringing claims against the Solicitor's or Public Defender's Offices in Lancaster or Oconee Counties, such entities are not "persons" as defined by § 1983; (2) Plaintiff's bare allegations against John Does 3 and 4 (prosecutors for Lancaster and Oconee Counties) are insufficient to overcome prosecutorial immunity; (3) John Does 3 and 4 (public defenders who represented Plaintiff in Lancaster and Oconee Counties) were not acting under color of state law; and (4) Plaintiff's complaint does not allege a violation of the Double Jeopardy Clause.

In his objections, Plaintiff first asserts that Defendants are wrongly described as "government officials" when they are "city, county, and municipal officials who can be sued while acting under color of law." (ECF No. 12 at 1.) Next, Plaintiff asserts that *Heck* does not bar his claims, and he reiterates his assertion that he was convicted on the same set of facts in two different General Sessions courts. (*Id.*) Plaintiff then asserts that he pursued his administrative remedies while incarcerated, and overall he contends that

Defendants are not entitled to immunity and that they all acted deliberately under color of state law.

After review, the Court finds no merit to Plaintiff's objections. First, even assuming that Plaintiff's claims are not barred by *Heck*, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a viable claim under § 1983. As the Magistrate Judge correctly noted, to the extent Plaintiff seeks to sue the Solicitor's or Public Defender's Offices in Lancaster and Oconee Counties, such offices are not "persons" pursuant to § 1983. Additionally, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to include allegations sufficient to overcome the prosecutorial immunity afforded to County Solicitors (John Does 3 and 4). *See Imbler v. Pachtman*, 424 U.S. 409, 423-24 (1976). Likewise, as the Magistrate Judge explained, the County Public Defenders (John Does 1 and 2) were not acting under color of state law. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Finally, and most importantly perhaps, the Court agrees with the Magistrate Judge that even if this action is not barred by *Heck*, and even if Plaintiff had named a party amenable to suit, Plaintiff's complaint is still subject to dismissal because he does not allege a violation of the Double Jeopardy Clause. *See United States v. Woodrup*, 86 F.3d 359, 362 (4th Cir. 1996); *see also United States v. Fonteneau*, 277 F. App'x 293, 295 (4th Cir. 2008) (noting that "because a sentence imposed after [a violation of probation] is not considered a new punishment," but rather, a part of the original sentence *for the original charge*, "the Double Jeopardy Clause is not implicated.").

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's objections (ECF No. 12) are overruled; the Magistrate Judge's Report (ECF No. 10) is adopted and specifically incorporated herein; and the Court declines to give Plaintiff automatic leave to amend for

the reasons stated by the Magistrate Judge. Accordingly, the Court hereby dismisses this action without prejudice and without issuance of process, and the Court deems this action a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 4, 2022
Charleston, South Carolina